UNITED STATES BANKRUPTCY COURT

District of New Jersey

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Albert Russo

Cn 4853

Trenton, NJ  08650

(609) 587-6888

---

In re:



    Daniel R Ackerson

    Lynn M Ackerson



                     Debtor(s)

**Order Filed on September 19, 2016
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No.: 14-21993 / KCF

Hearing Date:  09/14/2016

Judge: Kathryn C. Ferguson

Chapter: 13

## ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

**DATED: September 19, 2016**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on

the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy

Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 06/01/2016, or the last amended

plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in

accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of  60

months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following

schedule, which payments shall include commission and expenses of the Standing Trustee in accordance

with 28 U.S.C. § 586:

$2,600.00 PAID TO DATE

$236.00 for 33 months beginning 10/01/2016

**ORDERED** that the case is confirmed with a calculated plan funding of $10,388.00. General

unsecured creditors are scheduled to receive a pro-rata dividend of funds available.

**ORDERED**  that the Standing Trustee shall be authorized to submit, ex-parte, an Amended

Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed.

R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b)

Statement.  Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13

plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed.  The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that to the extent Section 7 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. § 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified below:

NO EXCEPTIONS

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that section(s) 4(b) and 7(b) as to US Bank, NA as Custodian for PFS Financial only is stricken from the Chapter 13 Plan.

**ORDERED** as follows:

US Bank, NA as Custodian for PFS Financial shall be paid in full through the Chapter 13 Plan pursuant to the May 3, 2016 Order Compelling Payment of Claim.